IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE A. AUSTIN,

                                                                              ORDER

                     Petitioner,

                                                      08-cv-280-bbc

    v.

DANE COUNTY JAIL, DODGE CORRECTION
FACILITY, OAK HILL CORRECTION
FACILITY, RESOURCE CENTER
and MADISON POLICE DEPARTMENT,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Petitioner, a former inmate Dane County Jail, in Madison, Wisconsin, asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to prepay the fee for filing this lawsuit.

      However, before petitioner may proceed in forma pauperis, I must determine whether his action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. §

1

1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Unfortunately, even under a generous reading of petitioner's complaint I must deny him leave to proceed in forma pauperis because several of the respondents he names are not "persons" capable of being sued under § 1983 and he does not allege that respondent Madison Police Department had any involvement in creating his allegedly torturous conditions of confinement.

Petitioner's complaint reads in part as follows:

> I was torture constantly made to eat roaches, rats, menure, spiders, . . . I fell sick to the point where I nearly died frome the poison that was fed to me . . . in adminastrative confinement where I spent 23 hours a day for a whole year 12 (months) and 9 more months I have ben molested constantly in this eviroment by vairious public officials with my health dangerously question and issue mainly frome the poison fed to me induce inside of my stomic intestine while led to my nearly die or death as frome my incarceration at Dane County where I was made to eat poison

(Dkt. #1, misspellings in original). This complaint contains many similarities to petitioner's earlier complaint in Austin v. Dane County Jail, 08-cv-180-bbc, which was nearly identical to another complaint petitioner filed over a year ago in Austin v. Dane County Mental Health, 07-C-192-C. I denied petitioner leave to proceed in both of those cases.

The only important difference between petitioner's claims in those previously dismissed cases and his claim in this action is his attempt to sue new respondents. Here, in addition to Dane County Jail, which was named as a respondent in Austin v. Dane County Jail, petitioner has added respondents Dodge County Correction Facility, Oak Hill

2

Correction Facility, Resource Center and Madison Police Department. However, as was the case in <u>Austin v. Dane County Jail</u>, most of the respondents in this case are not proper respondents in a case brought under 42 U.S.C. § 1983. Liability under § 1983 attaches to persons who "under color of any statute ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 66-67 (1989); <u>Witte v. Wisconsin Department of Corrections</u>, 434 F.3d 1031, 1036 (7th Cir. 2006). Therefore, respondents Dane County Jail, Dodge Correction Facility, Oak Hill Correction Facility and Resource Center are not "persons" that may be sued under § 1983.

Additionally, although petitioner lists the Madison Police Department as a respondent he fails to allege that it, or any of its officers were in anyway involved with his conditions of confinement. Without allegations that connect the Madison Police Department to the constitutional violations petitioner allegedly suffered, petitioner has failed to state a claim upon which relief may be granted against the department.

Federal courts have the power to hear cases in which a plaintiff alleges a violation of his constitutional rights or rights established under federal law. 28 U.S.C. § 1331. Although petitioner is attempting to sue respondents for jail conditions that violated his constitutional rights, he cannot proceed with his claims because the named respondents are either not suable under § 1983 or not involved with his jail conditions.

3

ORDER

IT IS ORDERED that:

1. Petitioner Clarence A. Austin's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is DENIED and this case is DISMISSED without prejudice;

2. The clerk of court is directed to close the file.

Entered this 30th day of May, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4